UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MICHAEL GOINS, o/b/o his minor child, AGG, and the unopened succession and/or estate of KIMBERLY HENDERSON | * | CIVIL ACTION NO.  15-2712 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JAMES M. ARCHIBALD, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to remand [doc. # 13] filed by remaining defendants, Crystal E. Reboul and Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau").  The motion is unopposed.  For reasons set forth below, it is recommended that the motion be GRANTED.

**Background**

Michael Goins filed the instant suit, on behalf of others, against James Archibald; his employer, the United States Department of Agriculture, Agricultural Marketing Service, Cotton and Tobacco Program "Terry Sims" (referred to in the petition as, "USDA"); Chrystal Reboul; and Farm Bureau, to recover damages sustained as a result of a traffic accident precipitated by Archibald.  *See* Petition.  Goins commenced the action on October 28, 2015, in the 5th Judicial District Court for the Parish of Franklin, State of Louisiana.  *Id*.

On November 18, 2015, the United States (appearing in the matter on behalf of Archibald and the USDA) removed the case to federal court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*  On March 3, 2016, the court granted plaintiff's

motion to voluntarily dismiss his claims against the federal defendants. (Judgment [doc. # 8]). On April 14, 2016, remaining defendants, Reboul and Farm Bureau, filed the instant motion to remand the case to state court on the basis that the court no longer enjoys subject matter jurisdiction to entertain the case. Plaintiff did not file an opposition to the motion, and the time to do so has lapsed. (Notice of Motion Setting [doc. # 14]). Accordingly, the motion is deemed unopposed. *Id*.

## **Discussion**

As an initial matter, the court observes that all claims that conferred original and removal jurisdiction have been dismissed. Furthermore, the remaining parties are not diverse; therefore, the court lacks diversity jurisdiction, 28 U.S.C. § 1332. The only other potential ground for retaining plaintiff's remaining claims in this forum is via the supplemental jurisdiction statute. 28 U.S.C. § 1367.

However, when, as here, all claims which conferred original jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). In fact, this is the general rule. *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). When deciding whether to remand supplemental claims, a court should examine "economy, fairness, convenience, and comity." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999) (citation omitted).

Applying those considerations here, the undersigned finds that there is no indication that the state courts will not promptly schedule this matter for trial. Moreover, the state courts are more than capable of resolving the remaining state law claims. Finally, fairness dictates that the remaining issues be resolved in the forum where plaintiff initiated suit. Accordingly, the court

declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3). For these reasons,

IT IS RECOMMENDED that defendants' motion to remand [doc. # 13] be GRANTED, and the case REMANDED to the Fifth Judicial District for the Parish of Franklin, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 13th day of May 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE